# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and MORRIS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant CORY N. PENVEN**
**United States Army, Appellant**

ARMY 20230087

Headquarters, Fort Carson
Jacqueline L. Emanuel, Military Judge
Colonel Pia W. Rogers, Staff Judge Advocate

For Appellant: Major Devin V. Vickers, JA; Catherine M. Cherkasky, Esquire (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Colonel Jacqueline J. DeGaine, JA; Major Chase C. Cleveland, JA; Captain Anthony J. Scarpatti, JA (on brief).

21 October 2024

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Judge:

We have carefully considered appellant's assigned errors. None of them merits relief, but one warrants brief discussion.[1][2]

---

[1] We have also given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

[2] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2019) [UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for four years.

Appellant contends his trial defense counsel were ineffective by failing to confront the victim on a myriad of topics.[3] We ordered affidavits and considered them in light of the evidence at trial and applicable Sixth Amendment jurisprudence.[4] Mindful of these standards and applying them to this record, we find the affidavits responsively demonstrate that appellant's trial defense team made abundantly reasonable tactical decisions.

## CONCLUSION

On consideration of the entire record, the finding of guilty and sentence are AFFIRMED.

Senior Judge FLEMING and Judge MORRIS concur.

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

---

[3] To wit: (1) her purported motive to fabricate the allegation against appellant; (2) purported evidence of her pre-assault "overtly sexualized behavior" with appellant; and (3) inconsistent claims made by the victim the morning after the assault.

[4] *E.g.*, *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021) (this court conducts de novo review for ineffective assistance claims), *United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016) (appellant bears the burden of establishing both deficient performance and prejudice), *United States v. Scott*, 81 M.J. 79, 86 (C.A.A.F. 2021) ("this Court does not engage in 'second-guessing tactical decisions' that might be characterized as 'mere Monday-morning quarterbacking.'" (internal citations omitted)), *United States v. Ginn*, 47 M.J. 236, 245 (C.A.A.F. 1997) (holding additional proceedings under Article 66(f) to ascertain whether deficient performance occurred are warranted only if questions of material fact exist).